UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

WATERSCAPE RESORT LLC; ASSA REALTY LLC;
and GEMSTONE GROUP LLC,

                                Plaintiffs,

                    -v-

70 WEST 45th STREET HOLDING LLC and
WATERSCAPE RESORT II LLC,

                                Defendants.

21 Civ. 7350 (PAE)

ORDER

------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      On September 1, 2021, plaintiffs filed the complaint in this action. Dkt. 1. On September 10, 2021, plaintiffs served defendants by providing the New York Secretary of State a copy of the summons and complaint, in accordance with Section 303 of the New York Limited Liability Company Law. Dkt. 10. Defendants failed to answer by their deadline of October 1, 2021. On October 15, 2021, plaintiffs obtained a certificate of default from the Clerk of Court. Dkt. 14. On November 23, 2021—plaintiffs' not having moved for default judgment—the Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute. Dkt. 15. On December 10, 2021, plaintiffs filed a motion for default judgment and associated papers. Dkts. 16–18.

      On January 26, 2022, counsel for defendants appeared and requested additional time to oppose plaintiffs' motion for default judgment. Dkts. 20–22. On February 11, 2022, defendants opposed the motion for default judgment and cross-moved to vacate the default that had been entered. Dkt. 24. On March 14, 2022, plaintiffs replied and opposed defendants' cross-motion.

1

Dkt. 29. On March 30, 2022, defendants replied to plaintiffs' opposition to their cross-motion. Dkt. 33. On April 11, 2022, plaintiffs—without leave of court—filed a supplemental letter. Dkt. 34. On April 13, 2022, defendants filed a supplemental letter of their own. Dkt. 35.

## I. Analysis

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for "good cause." The standard for so finding, where only a default has been entered, is "less rigorous" than where default *judgment* has been entered. *See Am. Ill. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996). The inquiry turns on whether (1) the default was willful; (2) setting aside the default would prejudice the plaintiffs; and (3) a meritorious defense is presented. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "These criteria must be applied in light of the Second Circuit's 'oft-stated preference for resolving disputes on the merits.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (quoting *Enron Oil Corp.*, 10 F.3d at 95) (citing *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) ("Defaults are not favored . . . and doubts are to be resolved in favor of a trial on the merits.") (citations omitted). The Court address the three factors in turn.

### A. Willfulness

Defendants argue that their default was unintentional because they never received process. They claim that process was sent (presumably from the New York Secretary of State) to a hotel the defendants owned and operated, which used the name of the allegedly infringed trademark (the "Mark") at the heart of this dispute. But defendants submit that they never received this process, because the hotel had been closed since March 2020 due to the COVID-19 pandemic. Since the pandemic's onset, numerous courts have vacated defaults entered in analogous contexts. *See, e.g., Heidi & Hans-Jurgen Koch GbR v. Blue Label Sols. LLC*, No. 21

2

Civ. 2937 (LAK) (KHP), 2021 WL 5647793, at *2 (S.D.N.Y. Dec. 1, 2021); *Wildflower + Co. v. Mood Apparel, Ltd.*, 338 F.R.D. 192, 197 (S.D.N.Y. 2021) (collecting cases). Plaintiffs counter that defendants' filings with the New York Secretary of State designated a different address for the service of process than the hotel. But even if true, that fact would not show a willful default. *See Sea Hope Navigation*, 978 F. Supp. 2d at 338 ("[F]ailure to update an address with the Secretary of State does not by itself mandate a finding of willfulness.") (collecting cases); *Laffont*, 2020 WL 7232094, at *1 (finding default not willful "despite proper service on the Secretary of State").

Reinforcing that defendants' default was not willful is that they promptly appeared in this action after becoming notified of it. Default was entered in mid-October 2021; defendants appeared and moved to vacate the default in mid-January 2022. Defendants represent that they first learned of the lawsuit when informed of it by the hotel's lender, in mid-January 2022. Plaintiffs retort by noting that representatives of the parties had communicated with each other sometime in November and December 2021, in an effort to resolve the dispute. But those communications themselves were not long before defendants' motion to set aside the default. And during that time, defendants were not tarrying—they appear to have been trying to informally resolve the matter. Courts have declined to find willfulness when confronted with far less excusable conduct. *See, e.g.*, *Am. Ill. Ins. Co.*, 92 F.3d at 61 ("The [filing mistake] went unnoticed for two months. Such conduct, though grossly negligent, as the District Judge found, was not willful, deliberate, or evidence of bad faith."). Indeed, defendants' delay falls well short of the kind of "egregious and not satisfactorily explained" delay that ordinarily typifies willfulness. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015); *Parisienne v. Heykorean,*

*Inc.*, No. 19 Civ. 2257 (VSB), 2019 WL 6324632, at *2 (S.D.N.Y. Nov. 26, 2019) ("Willfulness may be found when, for example, a defaulting party acts deliberately, egregiously, or in bad faith."). Thus, the Court finds that defendants' default was not willful.

### B.     Prejudice

Plaintiffs do not argue that setting aside the default will prejudice them—nor could they. Defendants appeared just 1.5 months after plaintiffs moved for default judgment, and they are fully prepared to litigate the case. On such a short delay—and without a factual showing to the contrary—the Court cannot find a "loss of evidence, . . . increased difficulties of discovery, or . . . opportunity for fraud [or] collusion." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (explaining that such factors bear on the prejudice factor). The prejudice factor thus favors vacatur of default. *See Sea Hope Navigation*, 978 F. Supp. 2d at 339 ("[I]t would be almost impossible to establish such prejudice given that [defendant] filed an appearance with the Court less than one month after [plaintiff] filed its motion for a default judgment."); *Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 993 (E.D.N.Y. 1995) ("It cannot be said that a delay in the proceedings of several weeks prejudices the plaintiffs.").

### C.     Meritorious Defense

Whether a defendant has proffered "a meritorious defense" is measured "not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98. Defendants submit that plaintiffs have consented to their use of the Mark and have unreasonably delayed in bringing this action. Such defenses—acquiescence and laches—are available in trademark infringement cases. *See ProFitness Physical Therapy Ctr. v. Pro-Fit Orthopedic & Sports Physical Therapy P.C.*, 314 F.3d 62, 67 (2d Cir. 2002) ("We have long held in the context of trademark actions that

'[w]here a person entitled to exclusive use of a trademark is guilty of unreasonable delay in asserting his rights against an infringer . . . , or acquiesces in the latter's use, . . . a court of equity has the discretionary power . . . to deny injunctive relief or an accounting.'") (quoting *Carl Zeiss Stiftung v. VEB Carl Zeiss Jena*, 433 F.2d 686, 703 (2d Cir. 1970)). And in support of them, the defense has submitted an affidavit concluding that the parties' course of conduct showed that plaintiffs consented to defendants' use of the Mark after the expiration of a license agreement that had authorized such use. *See* Dkt. 26. To be sure, plaintiffs take a different view, and forcefully dispute that these defenses are available, *see* Dkt. 29 at 11 n.1, but such competing narratives are best tested by the adversarial process. The Court finds that defendants have met the "low threshold to satisfy [the meritorious defense] factor." *Gench v. HostGator.com LLC*, 14 Civ. 3592 (RA) (GWG), 2015 WL 3757120, at *5 (S.D.N.Y. June 17, 2015) (quotation omitted).

## CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to vacate default. Accordingly, the Court denies plaintiffs' motion for default judgment as moot. The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 16 and 24. Defendants shall respond to the complaint no later than June 7, 2022.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 17, 2022
       New York, New York