UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
WATERSCAPE RESORT LLC, ASSA REALTY LLC,
and GEMSTONE GROUP LLC,

                        Plaintiffs,                    21 Civ.  07350 (AS)

        - against -

70 WEST 45TH STREET HOLDING LLC and
WATERSCAPE RESORT II, LLC,

                        Defendants.
-------------------------------------------------------------------x

**PLAINTIFFS' NOTICE OF MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

PLEASE TAKE NOTICE that upon the declaration of Robert M. Kaplan, dated November 15, 2023, and the declaration of Salim Assa, dated November 14, 2023, plaintiffs Waterscape Resort LLC, Assa Realty LLC and Gemstone Group LLC will move this Court before the Honorable Aron Subramanian, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007, for an order, granting plaintiffs reconsideration of this Court's order dated May 17, 2022 and upon reconsideration, granting plaintiffs a judgment by default, pursuant to F.R.C.P. 55(b) and Local Rule 55.2(b), against defendants 70 West 45th Street Holding LLC and Waterscape Resort II, LLC, or, in the alternative, for an order, pursuant to F.R.C.P. 56(a), granting plaintiffs partial summary judgment against defendants as to liability on their first, third and fourth claims for relief, and such other and further relief as to this Court appears just and proper.

Dated:  White Plains, New York
          November 15, 2023


                                        LAW OFFICE OF ROBERT M.
                                        KAPLAN


                                        By: /s/_____
                                              Robert M. Kaplan (1428)
                                        Attorneys for Plaintiffs
                                        4 Westfield Circle
                                        White Plains, New York 10605
                                        (914) 815-1448
                                        rkaplan8182@gmail.com

Memorandum Endorsement
Waterscape Resort LLC et al. v. 70 West 45th Street Holding LLC et al.

Plaintiffs are three related entities: Assa Realty LLC ("Assa Realty"), Waterscape Resort LLC ("Waterscape"), and Gemstone Group LLC ("Gemstone"). Salim Assa is the manager of all three and, according to Plaintiffs, developed the trademark "Cassa," a portmanteau of his name and the Italian and Spanish word for house. Dkt. 94-2 ¶¶ 1, 4. Plaintiffs sue Defendants for, among other things, breach of contract and trademark infringement for using the trademark "Cassa" after their license to do so expired.

Plaintiffs now move for reconsideration of the Court's May 17, 2022 Order (Dkt. 36) setting aside a default entered against Defendants. Plaintiffs also move for partial summary judgment on some of their claims.

## I.    Reconsideration motion

Plaintiffs' motion for reconsideration of the order setting aside Defendants' default is denied. The motion is a year-and-a-half too late, and "[f]ailure to adhere to Local Rule 6.3's time limitations is in and of itself a sufficient reason to deny a motion for reconsideration." *Harris v. City of New York*, 2023 WL 7474419, at *2 (S.D.N.Y. Oct. 12, 2023). "Although the Court, in the interest of justice, may entertain a motion for reconsideration that does not comply with Local Rule 6.3's time requirements, Plaintiffs' excuses for late filing are not compelling." *Sea Trade Co. v. FleetBoston Fin. Corp.*, 2009 WL 4667102, at *3 (S.D.N.Y. Dec. 9, 2009). Plaintiffs say they learned on September 18, 2023, that the declaration was false and made by someone without knowledge of the purported defense. Dkt. 86 at 8. Yet they still waited almost two months to file this motion without explanation. As such, the Court finds that there is no excuse for the late filing, and the motion for reconsideration is denied.

## II.    Partial summary judgment motion

Next, Waterscape moves for partial summary judgment on its breach-of-contract claim. Assa Realty and Gemstone move for partial summary judgment on their trademark-infringement claims.

### A.  Waterscape's motion

Waterscape moves for partial summary judgment as to liability on its breach-of-contract claim. Waterscape says that there is no dispute that there was a contract, that Waterscape performed its contractual obligations, and that Defendants breached by using the "Cassa" trademark after May 23, 2019. Dkt. 86 at 10–11. Defendants don't contest that there was a contract, that their contractual rights terminated on May 23, 2019, that they continued using "Cassa" after that date, or that Waterscape upheld its end of the bargain. Instead, Defendants say that they had an implied license to use the trademark after the contract expired, that Waterscape acquiesced in their continued use of "Cassa" or is barred from suing by laches, and that Waterscape has failed to provide evidence of damages. Dkt. 94 at 10–13.

Waterscape's motion for partial summary judgment as to liability is denied because of its failure to provide any evidence of damages. Damages are an "essential element" of a breach-of-contract claim. *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 141 (2d Cir. 2016); *see Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC*, 736 F. App'x 274, 279 (2d Cir. 2018). "[W]ithout proving some amount of damages, a plaintiff cannot prevail on the liability aspect of a breach of contract claim." *Tenor Opportunity Master Fund, Ltd. v. Oxygen Biotherapeutics, Inc.*, 2012 WL 2849384, at *5 (S.D.N.Y. July 11, 2012). Defendants cite no evidence that Waterscape suffered damages because of the breach, and the Court "need consider only the cited materials." Fed. R. Civ. P. 56(c)(3).

Instead, Waterscape argues that partial summary judgment can be granted with a damages determination to be kicked down the road. True, "[s]o long as it is clear that the plaintiff has sustained some damages, summary judgment may be granted on the remainder of a contract claim with a damages determination to await trial." *Tenor Opportunity Master Fund*, 2012 WL 2849384, at *5. But here, Defendants do not point to evidence of *any* damages, precluding partial summary judgment on liability.

Defendants instead cite a report and recommendation from a magistrate judge for the proposition that partial summary judgment can be granted on liability without evidence of damages. In that case, the judge noted that there was a question as to whether the correct disposition was to grant "partial summary judgment on the issue of liability for breach of contract or partial summary judgment on the first three elements of a breach of contract claim." *Severstal Wheeling Inc. v. WPN Corp.*, 2013 WL 6502820, at *16 (S.D.N.Y. Dec. 12, 2013). The judge decided to go with the former approach because it is the "more common terminology" but noted that "[o]bviously, plaintiffs will not be able to recover on their claim if they do not ultimately prove damages attributable to the breach." *Id.* This Court disagrees that the correct disposition here is to grant the motion on liability when there is no evidence as to an "essential element" of liability. *Cynergy Holdings*, 839 F.3d at 14.

This Court also doesn't find it appropriate to grant partial summary judgment on the first three elements of the breach-of-contract claim. Defendants moved for partial summary judgment on liability as a whole; Plaintiffs responded with a valid reason why that motion should be denied. With that said, the Court notes that there doesn't appear to be any genuine dispute over the existence of a contract, Waterscape's performance, or Defendants' breach. The Court expects that this trial will center on damages. As to the affirmative defenses of laches and acquiescence, the Court notes that these are equitable defenses not available in an action at law. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 607 (2d Cir. 2005); *Times Mirror Mags., Inc. v. Field & Stream Licenses Co.*, 294 F.3d 383, 395 (2d Cir. 2002); *Constr. Council 175, Util. Workers of Am., AFL-CIO v. New York Paving, Inc.*, 2023 WL 8826771, at *5 (E.D.N.Y. Dec. 21, 2023). As to Defendants' defense of implied license, Defendants cite no cases applying such a defense in a breach-of-contract case. But Plaintiffs didn't move for summary judgment on this defense or respond to Defendants' arguments, so Plaintiffs may raise such a defense at trial if there is in fact a basis for it.

## B. Infringement

Next, Assa Realty and Gemstone move for partial summary judgment as to liability on their trademark-infringement claims. Assa Realty's claim concerns May 23, 2019, to November 9, 2019, when it assigned the trademark to Gemstone. Gemstone's claim concerns November 9, 2019 to March 2020. Because the arguments are the same as to both these Plaintiffs, the Court here treats these arguments together and refers to these two Plaintiffs as "Plaintiffs."

"[T]o prevail on a trademark infringement claim for registered trademarks … a plaintiff must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale … or advertising of goods or services, (5) without the plaintiff's consent." *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406–07 (2d Cir. 2005) (cleaned up). The plaintiff must also show that defendant's use of the trademark "is likely to cause confusion … as to the affiliation, connection, or association of [defendant] with [plaintiff], or as to the origin, sponsorship, or approval of [the defendant's] goods, services, or commercial activities by [plaintiff]." *Id.* at 407. (quoting 15 U.S.C. § 1125(a)(1)(A)).

Plaintiffs say there is no genuine issue of material fact that they owned the relevant trademark and that Defendants continued to use the trademark after their license expired. Dkt. 86 at 11–12. Plaintiffs also say that because Defendants were licensees who continued to use the trademark after their license expired, "likelihood of confusion is established as a matter of law." *Id.* at 12 (citing *L&L Wings, Inc. v. Marco-Destin, Inc.*, 676 F.Supp.2d 179, 188 (S.D.N.Y. 2009)). Defendants counter that likelihood of confusion is not established as a matter of law and Plaintiffs have failed to present any evidence of this element.

The Second Circuit has stated that when a licensee of a trademark "loses its authorization yet continues to use the mark, the potential for consumer confusion is greater than in the case of a random infringer." *Church of Scientology Int'l v. Elmira Mission of the Church of Scientology*, 794 F.2d 38, 44 (2d Cir. 1986). The Court went on to explain that "[c]onsumers have already associated some significant source identification with the licensor. In this way the use of a mark by a former licensee confuses and defrauds the public." *Id.*; *see also Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 25 (2d Cir. 2004) ("[A]fter a license has been revoked, there is an increased danger that consumers will be confused and believe that the former licensee is still an authorized representative of the licensor."). District courts in this circuit have consistently interpreted this to mean that likelihood of confusion is established as a matter of law when an ex-licensee continues to use a trademark after its license to do so expires. *See Microban Prod. Co. v. API Indus., Inc.*, 2014 WL 1856471, at *6 (S.D.N.Y. May 8, 2014); *C=Holdings B.V. v. Asiarim Corp.*, 992 F. Supp. 2d 223, 240–41 (S.D.N.Y. 2013); *L & L Wings*, 676 F. Supp. 2d at 188.

Defendants still argue that likelihood of confusion is not established as a matter of law because "the parties' business dealings here are so-intertwined [*sic*] that there is no risk of actual consumer confusion." Dkt. 94 at 14. Defendants cite nothing for this proposition. Instead, they selectively quote from a district court case that stated in passing that "where an entity continues to

3

use a trademark after a license to do so expires, the probability of consumer confusion is increased." *Privado Mktg. Grp. LLC v. Eleftheria Rest Corp.*, 2017 WL 1167332, at *11 (S.D.N.Y. Mar. 27, 2017). Plaintiffs argue that this shows that the fact of an expired license does not establish likelihood of confusion as a matter of law. Dkt. 95 at 14–15. But that same case went on to confirm that "[i]n such situations, confusion is almost inevitable because consumers have already associated the formerly licensed infringer with the trademark owner and a likelihood of confusion is established as a matter of law." *Privado*, 2017 WL 1167332, at *11.

Even if there are circumstances under which this general rule would not apply, Defendants fail to show that such circumstances exist here. That the parties have frequent business dealings makes it all the more likely that a consumer will "believe that the former licensee is still an authorized representative of the licensor." *Sunward Elecs.*, 362 F.3d at 25.

Defendants also say that there are genuine issues of material fact as to the affirmative defenses of acquiescence and laches. Neither party moved for summary judgment on these defenses. So Plaintiffs' motion for partial summary judgment is granted subject to these affirmative defenses, which will be resolved by the Court after trial.

The Clerk of Court is directed to terminate the motions at Dkts. 85 and 86.


SO ORDERED.

Dated: May 21, 2024
      New York, New York

                                      ARUN SUBRAMANIAN
                                  United States District Judge